IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAMARCUS FENNELL | : | CIVIL ACTION |
| --- | --- | --- |
|  | : |  |
| v. | : | NO. 18-4870 |
|  | : |  |
| CHARLES HORVATH, *et al.* | : |  |

## MEMORANDUM

**KEARNEY, J.**  **January 9, 2019**

Prison officers asking a prisoner questions about "illegal affairs" during a custodial interrogation which are not plead to be part of a prison's disciplinary investigation may not preclude the prisoner from obtaining counsel upon his request. When a *pro se* prisoner sues under the Fifth Amendment because a prison officer allegedly denied him counsel during a custodial interrogation into illegal affairs and violated his right against self-incrimination, we must allow discovery to determine the nature of this interrogation and potential harm. We proceed on the *pro se* prisoner's Fifth Amendment claim against the questioning officer but dismiss his remaining claims for failure to state a claim subject to filing an amended complaint which may possibly plead claims consistent with the law.

**I.   Allegations.[1]**

JaMarcus Fennell seeks damages arising during his incarceration as a pretrial detainee at Northampton County Prison.[2] On August 13, 2018, Internal Affairs Officer Charles Horvath interrogated Mr. Fennell.[3] Officer Horvath told Mr. Fennell he was investigating him for "illegal affairs."[4] Mr. Fennell does not define the interrogation as involving prison discipline or some "illegal" conduct. Mr. Fennell asked for counsel and "to exercise [his] 5th Amendment right by

remaining silent."[5] Officer Horvath told Mr. Fennell he "didn't have any rights because [he] was incarcerated."[6] Mr. Fennell alleges Officer Horvath forced him to stay in the interrogation room and threatened to revoke his privileges and phone calls if Mr. Fennell did not answer his questions.[7] Officer Horvath continued to question Mr. Fennell and told him "[t]he black C.O.s bring in stuff and get busted."[8] Officer Horvath said to him "what sounded like the word 'n****r.'"[9] Mr. Fennell alleges Officer Horvath then falsified a misconduct report leading to his solitary confinement for forty-five days.[10]

During his confinement, Mr. Fennell alleges Correctional Officer John Colarusso "mentally abused, bullied and tormented" him.[11] On August 23, 2018, Officer Colarusso threatened Mr. Fennell saying he "will kill [his] family" and pretending to use a mace gun on him.[12] Officer Colarusso then told Mr. Fennell to expose his privates and "urinate in front of him."[13] Officer Colarusso also encouraged inmates to call his family and harass them.[14] Officer Colarusso wrote him up to keep him in solitary confinement.[15] Mr. Fennell alleges Defendants conspired against him by hiding Officer Colarusso's abuse.

Mr. Fennell sues Officer Horvath, Officer Colarusso, Warden David Penchishen, Lieutenant Chad Rinker, Lieutenant Michael Chlewboski, Lieutenant Ashley Warning, Captain David Collins, Captain Jason Werley, and Hearing Examiner John Harman under § 1983 for violating his civil rights while incarcerated as a pretrial detainee at Northampton County Prison. He alleges (1) Officer Horvath violated his right to counsel and his right against self-incrimination under the Fifth Amendment; (2) Officer Horvath denied him due process by falsifying a misconduct report against him; (3) Officer Colarusso violated his Eighth Amendment rights by threatening to kill his family, threatening to mace him, telling him to expose his privates and urinate in front of him, and telling inmates to call his family and harass them; and, (4) all

2

Defendants conspired against him to hide Officer Colarusso's abuse.[16] All Defendants move to dismiss Mr. Fennell's complaint.

**II.     Analysis.**

Mr. Fennell brings his claims under § 1983. To state a claim under § 1983 against an individual, Mr. Fennell must allege Defendants, acting under color of law, violated his constitutional or statutory rights, and caused the complained of injury.[17] Mr. Fennell must allege Defendants' "personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior."[18] Mr. Fennell states a claim under the First Amendment against Officer Horvath but no other claim.

### A.     We deny Officer Horvath's motion to dismiss Mr. Fennell's Fifth Amendment claims.

Mr. Fennell alleges Officer Horvath violated his Fifth Amendment rights by denying him counsel and denying his right against self-incrimination during the August 13, 2018 interrogation. Officer Horvath argues Mr. Fennell does not have a right to counsel or a right against self-incrimination during internal prison disciplinary proceedings.

Under the Fifth Amendment, an inmate has a right to counsel during a custodial interrogation and "cannot be questioned further until counsel has been made available unless the accused initiates the conversation and knowingly and intelligently waives his right to have counsel present."[19] "[I]nmates [do] not have a constitutional right to have counsel, whether privately retained or publicly appointed, in prison disciplinary proceedings, even when the charges involved criminal conduct."[20]

An inmate may also invoke the Fifth Amendment to refuse "to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might

3

incriminate him in future criminal proceedings.'"[21] Like the Fifth Amendment right to counsel, an inmate has no right against self-incrimination in a prison disciplinary proceeding.[22]

Mr. Fennell argues Officer Horvath did not interrogate him concerning an internal prison disciplinary matter.[23] Mr. Fennell alleges he interrogated him concerning "illegal affairs."[24] Mr. Fennell argues Officer Horvath's interrogation only resulted in an "institutional infraction" because Officer Horvath failed to establish probable cause for a criminal charge.[25]

Liberally construing Mr. Fennell's complaint, we cannot find at this stage Officer Horvath interrogated Mr. Fennell solely concerning internal prison disciplinary matters.[26] Mr. Fennell alleges he was in custody during Officer Horvath's interrogation.[27] Mr. Fennell does not allege Officer Horvath interrogated him concerning a prison disciplinary matter. Mr. Fennell only alleges Officer Horvath interrogated him concerning "illegal affairs."[28] Mr. Fennell also alleges Officer Horvath continued to question him after he invoked his Fifth Amendment rights.[29] Viewing the allegations in the light most favorable to Mr. Fennell,[30] we cannot conclusively find, as Officer Horvath argues, the interrogation "was not part of a criminal prosecution or criminal investigation."[31] We need to allow discovery to deerminWe deny Officer Horvath's motion to dismiss Mr. Fennell's Fifth Amendment claims.[32]

### B. Mr. Fennell fails to state a claim against Officer Horvath for denial of due process.

Mr. Fennell alleges Officer Horvath deprived him of due process by "falsif[ying] a misconduct report" leading to Mr. Fennell's "solitary confinement for 45 days."[33] Officer Horvath argues Mr. Fennell fails to state a claim for denial of due process.

Under the Fourteenth Amendment, a state shall not "deprive any person of life, liberty, or property, without due process of law."[34] When a prisoner alleges a falsified misconduct report, due process is satisfied when the prisoner "is afforded an opportunity to be heard and to defend against

4

the allegedly falsified evidence."[35] Our Court of Appeals instructs "mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim."[36]

Mr. Fennell alleges Officer Horvath falsified a misconduct report against him. While Mr. Fennell argues in his response Officer Horvath denied him due process "by eavesdropping and listening in" on his phone calls, we cannot consider these facts since he did not allege them in his complaint.[37] Mr. Fennell fails to state a claim for denial of due process. We grant Officer Horvath's motion to dismiss Mr. Fennell's due process claims but grant Mr. Fennell leave to file an amended complaint to plead facts in good faith which may state a claim.

### C. We dismiss Mr. Fennell's harassment claims under the Eighth Amendment as they do not rise to the level of a constitutional violation.

Mr. Fennell alleges Officer Colarusso violated his Eighth Amendment rights by threatening to kill his family, threating to use a mace gun against him, telling him "to expose [his] privates and urinate in front of him," and telling inmates to call his family and harass them.[38] Officer Colarusso argues Mr. Fennell fails to state a claim.

"[T]he use of words, no matter how violent or harsh, do[es] not amount to a violation of the prisoner's civil rights by the officer."[39] "It is well established that '[a]llegations of threats or verbal harassment, without injury or damage, do not state a claim under 42 U.S.C. § 1983.'"[40]

Mr. Fennell does not allege injury or physical damage. Mr. Fennell fails to allege a violation of his civil rights. While Mr. Fennell alleges Officer Colarusso threatened him and told him to expose his privates, he cannot state a claim under § 1983 based on threats or harassing words without physical injury. Mr. Fennell fails to state a claim under § 1983. We grant Officer Colarusso's motion to dismiss Mr. Fennell's harassment claims with leave to timely file an amended complaint if he can plead specific facts in good faith showing physical injury or harm.

5

## D. Mr. Fennell fails to state a claim for conspiracy.

Mr. Fennell alleges Defendants conspired (1) to keep Officer Colarusso's abuse "a secret" and (2) to "hav[e] inmates call [his] family and harass them via phone call."[41] Defendants argue Mr. Fennell fails to state a claim for conspiracy since (1) Defendants did not deprive Mr. Fennell of his civil rights and (2) even if they did, he fails to allege conspiracy with particularity.

To state a claim for conspiracy under § 1983, Mr. Fennell must allege "(1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy."[42] Mr. Fennell must allege "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events."[43]

While Mr. Fennell alleges Defendants "conspired" to cover up Officer Colarusso's abuse, we explained Mr. Fennell failed to state a claim against Officer Colarusso for deprivation of constitutional rights. Mr. Fennell also fails to allege the basis for an agreement or understanding amongst Defendants. He merely states a legal conclusion. Mr. Fennell argues in his response Defendants conspired by "knowing of this abuse and not acting on it and allowing it to continue."[44] Knowledge of constitutional deprivations is insufficient.[45]

Mr. Fennell must allege facts showing an agreement to carry out the alleged deprivations. Mr. Fennell fails to state a claim for conspiracy. We grant Defendants' motion to dismiss his conspiracy claim.

## III. Conclusion

In today's accompanying Order, we deny Officer Horvath's motion to dismiss the Fifth Amendment claim based on a depriving him counsel for questions regarding illegal affairs. We dismiss Mr. Fennell's complaint without prejudice against Correctional Officer John Colarusso,

6

Warden David Penchishen, Lieutenant Chad Rinker, Lieutenant Michael Chlewboski, Lieutenant Ashley Warning, Captain David Collins, Captain Jason Werley, and Hearing Examiner John Harman. We grant Mr. Fennell leave to timely file an amended complaint. We will proceed into discovery on Mr. Fennell's Fifth Amendment claim.

---

[1] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[2] Mr. Fennell's *pro se* prisoner Complaint (ECF Doc. No. 2), at p. 6.

[3] *Id.* at p. 7 ¶ D.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

7

¹² *Id.*

¹³ *Id.*

¹⁴ *Id.*

¹⁵ *Id.*

¹⁶ Mr. Fennell also claims a violation of his "21ˢᵗ Amendment Rights." *Id.* at p. 7. We find no allegations supporting such a claim.

¹⁷ *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (citing *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998)).

¹⁸ *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

¹⁹ *Flamer v. State of Del.*, 68 F.3d 710, 724 (3d Cir. 1995) (citing *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981)).

²⁰ *Mack v. Johnson*, 430 F. Supp. 1139, 1144 (E.D. Pa. 1977), *aff'd*, 582 F.2d 1275 (3d Cir. 1978), *Macia v. Williamson*, 219 F. App'x 229, 233 (3d Cir. 2007) (citing *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974)) ("Inmates do not have a constitutional right to appointed counsel in prison disciplinary hearings.").

²¹ *Fantone v. Latini*, 780 F.3d 184, 192 (3d Cir. 2015), *as amended* (Mar. 24, 2015) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976)).

²² *Mack*, 430 F. Supp. at 1144 (citing *Baxter*, 425 U.S. at 316) ("[T]he Fifth Amendment privilege against self incrimination did not forbid drawing adverse inferences from the failure of the inmate to testify at his hearing[.]"); *McKune v. Lile*, 536 U.S. 24, 38 (2002) (discussing the holding in *Baxter* and its reasoning "[d]isciplinary proceedings in state prisons . . . involve the correctional process and important state interests other than conviction for crime").

²³ ECF Doc. No. 24, at p. 4.

²⁴ ECF Doc. No. 2, at p. 7 ¶ D.

²⁵ ECF Doc. No. 24, at p. 4.

²⁶ We liberally construe a *pro se* plaintiff's complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

²⁷ ECF Doc. No. 2, at p. 6 (alleging the events giving rise to his claim arose in Northampton County Prison while he was a pretrial detainee).

²⁸ *Id.* at p. 7 ¶ D.

²⁹ *Id.*

³⁰ *Tatis*, 882 F.3d at 426 (quoting *Sheridan*, 609 F.3d at 262 n.27). ("We accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant.").

³¹ ECF Doc. No. 18, at p. 6.

³² Officer Horvath only argues Mr. Fennell fails to state a Fifth Amendment claim because he interrogated him in a prison disciplinary proceeding. To prove a claim for violation of the Fifth Amendment right against self-incrimination, Mr. Fennell must show he "has been compelled to be a witness against himself in a criminal case." *Bodle v. Linhardt*, No. 12-2425, 2013 WL 2481250, at *7 (M.D. Pa. June 10, 2013) (quoting *Chavez v. Martinez*, 538 U.S. 760, 770 (2003)). In other words, Mr. Fennell must show the state action used his silence against him in a criminal proceeding. *Bodle*, 2013 WL 2481250, at *7 (dismissing plaintiff's § 1983 claim under the Fifth Amendment since plaintiff failed to allege defendants used illegally-obtained confession against him in a criminal trial); *Messina v. Carmichael*, No. 13-1366, 2013 WL 6094559, at *3 (W.D. Pa. Nov. 20, 2013) (explaining the "'right to counsel' during custodial interrogation recognized in *Miranda* is merely a procedural safeguard, and not a substantive right").

³³ ECF Doc. No. 2, at p. 7 ¶ D.

³⁴ U.S. Const. amend. XIV.

³⁵ *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (citing *Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986)).

³⁶ *Mensinger*, 293 F.3d at 654; *Brown v. Hannah*, 850 F. Supp. 2d 471, 475 (M.D. Pa. 2012) ("The filing of a false misconduct report does not violate an inmate's due process rights.").

³⁷ *Hammond v. City of Philadelphia*, No. 00-5082, 2001 WL 823637, at *2 (E.D. Pa. June 29, 2001) ("A party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion.").

³⁸ ECF Doc. No. 2, at p. 7 ¶ D.

³⁹ *Nwani v. Molly*, No. 17-3634, 2018 WL 2461987, at *10 (E.D. Pa. May 31, 2018).

⁴⁰ *Burkholder v. Newton*, 116 F. App'x 358, 360 (3d Cir. 2004). *Aleem-X v. Wescott*, 347 F. App'x 731, 731 (3d Cir. 2009) (per curiam); *Jones v. C.O. Repsch*, No. 06-4638, 2007 WL 509960, *2 (E.D. Pa. Feb. 13, 2007) (collecting cases); *Wright v. O'Hara*, No. 00-1557, 2004 WL 1793018,

at *7 (E.D. Pa. Aug. 11, 2004) (finding plaintiff failed to state a claim under the Eighth Amendment when defendant "lunged toward him with a clenched fist and threatened to hit him" because defendant did not physically harm plaintiff); *Chambliss v. Jones*, No. 14-2435, 2015 WL 328064, at *3 (M.D. Pa. Jan. 26, 2015) (allegations of sexual harassment without allegations of physical contact or pain does not rise to the level of an Eighth Amendment violation).

[41] ECF Doc. No. 2, at p. 7 ¶ D.

[42] *Swiggett v. Upper Merion Twp.*, No. 08-2604, 2008 WL 4916039, at *3 (E.D. Pa. Nov. 17, 2008); *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014).

[43] *Real v. Dunkle*, No. 11-2071, 2012 WL 1392334, at *8 (M.D. Pa. Apr. 23, 2012) (quoting *Hammond v. Creative Fin. Planning Org., Inc.*, 800 F. Supp. 1244, 1249 (E.D. Pa. 1992)).

[44] ECF Doc. No. 24, at p. 10.

[45] *Hauptmann v. Wilentz*, 570 F. Supp. 351, 390 (D.N.J. 1983), *aff'd*, 770 F.2d 1070 (3d Cir. 1985) (knowledge of the constitutional deprivations, "even when coupled with allegations of failure to take action," not sufficient to state a conspiracy claim).